IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| GAIL EVANS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No.:4:03-3939 |
| | ) | |
| WILLIAMSBURG TECHNICAL COLLEGE; CLIFTON ELLIOT, aka "RUSTY" ELLIOT, individually and in his official capacity as an agent and Dean of Instruction of Williamsburg Technical College; and RONALD HAMPTON, in his official position as Acting President of Williamsburg Technical College, | ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

Plaintiff Gail Evans ("Evans") filed the instant action on December 15, 2003 against Defendants Williamsburg Technical College, Clifton "Rusty" Elliot, and Ronald Hampton ("Defendants"). (Doc. #1). Defendants answered the complaint on January 6, 2004. (Doc. #6). On May 20, 2005, Evans amended her complaint. (Doc. #29). She alleges causes of action for *quid pro quo* sexual harassment, failure to promote, unlawful termination, retaliation, and hostile work environment pursuant to Title VII, 42 U.S.C. § 2000e, *et. seq.*, a violation of equal protection rights pursuant to 42 U.S.C. § 1983, and a South Carolina state law claim for intentional infliction of emotional distress. Id. Defendants answered the amended complaint on May 25, 2005. (Doc. #32). Defendants filed the pending motion for summary judgment against all of Evans' claims on June 16, 2006. (Doc. #62). Evans responded to the motion on July 11, 2006. (Doc. #68). On July 18, 2006,

1

Defendants filed their reply to Evans' response. (Doc. #71). A hearing was held in this matter before United States Magistrate Judge Thomas E. Rogers, III, to whom this case had previously been assigned, on November 9, 2006. (Entry #78).

This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed by Magistrate Judge Rogers. In the Report, Magistrate Judge Rogers recommends that Defendants' motion for summary judgment be granted in its entirety. Evans filed two separate objections to the Report on January 9, 2007 and January 13, 2007. (Docs. #85, 86). Defendants filed a response to Evans' objections on January 17, 2007. (Docs. #87, 90).

In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted). In light of this standard, the Court has reviewed the Report. After careful review of the Report, the objections thereto, and the memoranda, case law, and exhibits filed in this case, the Court elects to accept the Report. (Doc. #81). Therefore, for the reasons articulated by the Magistrate Judge, it is **ORDERED** that Defendants Williamsburg Technical College, Clifton "Rusty" Elliot, and Ronald Hampton's motion for summary judgment (Doc. #62) is **GRANTED**.

**IT IS SO ORDERED**.

S/ Terry L. Wooten

Terry L. Wooten  
United States District Judge

March 29, 2007  
Florence, South Carolina